**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZINA BUTLER,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>NATIONAL COMMUNITY RENAISSANCE OF CALIFORNIA, AKA National Community Renaissance Corp.,<br>*Defendant*,<br><br>and<br><br>HOUSING AUTHORITY OF THE COUNTY OF LOS ANGELES; CITY OF PALMDALE; OSCAR BARRAZA; AND LEE D'ERRICO,<br>*Defendants-Appellees*. | No. 11-55806<br><br>D.C. No.<br>5:09-cv-00761-MMM-E<br><br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge

Argued and Submitted
June 2, 2014—Pasadena, California

Filed September 12, 2014

Before:  Stephen S. Trott, Consuelo M. Callahan, Circuit
Judges, and Mark W. Bennett, District Judge.[*]

Opinion by Judge Bennett

# SUMMARY[**]

## Civil Rights/Civil Procedure

The panel affirmed the district court's dismissal, on statute of limitations grounds, of claims brought pursuant to 42 U.S.C. § 1983 challenging the constitutionally of a warrantless search of plaintiff's apartment by various actors.

The panel held that the district court did not err by determining that the original complaint did not sufficiently identify all the proper defendants and that plaintiff's amended complaints, adding appellees, did not relate back to the time that plaintiff filed her original complaint. The panel held that the amended complaints did not relate back under Cal. Civ. P. Code  § 474 because plaintiff was not ignorant of the appellees' names or identities at the time the original complaint was filed. The panel further held that the amended complaints did not relate back under Fed. R. Civ. P. 15(c)(1)(C) because plaintiff did not establish that any of the appellees knew or should have known that her lawsuit would

[*]  The Honorable Mark W. Bennett, District Judge for the Northern District of Iowa, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

have been brought against them but for her mistake. The panel further held that the district court did not err in rejecting, at the pleading stage, plaintiff's claim of equitable tolling under California law.

---

### COUNSEL

Jeremy B. Rosen (argued), Horvitz & Levy, L.L.P., Encino, California; Andrew Wilhelm and Ashley Cook , certified law students, Ninth Circuit Appellate Advocacy Clinic, Pepperdine University School of Law, Malibu, California, for Plaintiff-Appellant Zina Butler.

Toussaint S. Bailey (argued), Steven R. Orr, and Aaron C. O'Dell, Richards, Watson & Gershon, P.C., Los Angeles, California, for Defendants-Appellees City of Palmdale and Oscar Barraza.

Nicole A. Davis Tinkham and Christian E. Foy Nagy, Collins Collins Muir + Stewart, L.L.P. , South Pasadena, California, for Defendants-Appellees Housing Authority of the County of Los Angeles and Lee D'Errico.

---

## OPINION

BENNETT, District Judge:

Plaintiff-appellant Zina Butler appeals from the district court's granting appellees' motions to dismiss her 42 U.S.C. § 1983 action challenging the constitutionally of a warrantless search of her apartment by various actors. The district court held that Butler's claims were untimely filed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review *de novo* the district court's determination of whether a claim is barred by the statute of limitations. *See Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012), *cert. denied*, 134 S. Ct. 76 (2013). Likewise, we review the district court's application of the relation-back doctrine under Federal Rule of Civil Procedure 15(c) *de novo*. *See Williams v. Boeing Co.*, 517 F.3d 1120, 1132 (9th Cir. 2008).

## I. BACKGROUND

### A. The Pleadings

On April 17, 2009, Butler filed a one-page complaint, a request to proceed *in forma pauperis*, and a request for an attorney in federal district court. The caption of the complaint named only National Community Renaissance Corporation ("National CORE") as a defendant. The complaint alleged:

> On April 18th 2007 apartment manager in absence of a search warrant gave Section 8 investigator and City employee and Sheriff deputies the keys to my apartment who then

> entered without search warrant or consent
> And began searching my apartment. Sheriff
> deputies removed me from My home and
> issued me a citation and then released me at
> that point. And in that situation they violated
> my 4th amendment right.

On April 22, 2009, Butler filed a first amended complaint. The caption again named National CORE as a defendant and added the Housing Authority of the County of Los Angeles ("HACoLA"). The first amended complaint alleged:

> On April 18th 2007 apartment manager in
> absence of a search warrant gave Section 8
> investigator and city employee and Sheriff
> deputies the keys to my apartment who then
> entered without search warrant or consent
> And began searching my apartment. Sheriff
> deputies removed me from My home and
> issued me a citation and then released me at
> that point. And in that situation they violated
> my 4th AMENDMENT RIGHT.

> I am adding Housing Authority To my
> compliant [sic].

On May 15, 2009, the court *sua sponte* dismissed the first amended complaint with leave to amend because "it [was] unclear whom Plaintiff intends to sue."

On June 17, 2009, Butler filed a second amended complaint, again identifying National CORE and HACoLA in the caption. In the "Statement of Facts," Butler alleged the following:

> On April 18th 2007 Section 8 investigator Mr.
> Derrico came to my apartment and knocked
> on my door. I asked who is it and he said
> Housing Authority investigator and I ask him
> if he had a search warrant from my upstairs
> window he said no and I told him that I was
> not going to let him in then. So he came back
> with the manager of National Renaissance
> Corporation Elizabeth Freeman and Officers
> McCormick, and Murphy from Palmdale
> Sheriff Department and city employee Oscar
> Barrza and then the manager Elizabeth
> Freeman took the key and opened my door
> and let all of thee [sic] above into my
> apartment and they started searching my
> apartment    AFTER THEY STARTED
> SEARCHING MY APARTMENT
> OFFICERS MCCORMICK, and MURPHY
> took me to the car and wrote me a ticket for a
> [sic] infraction and released me at that point
> THEREFORE I WOULD LIKE TO SUE
> PALMDALE SHERIFF DEPARTMENT,
> NATIONAL RENAISSANCE
> COMMUNITY CORP, HOUSING
> AUTHORITY OF THE COUNTY OF L.A.
> AND THE CITY OF PALMDALE

On July 17, 2009, the district court *sua sponte* dismissed the second amended complaint with leave to amend. The court observed, *inter alia*, that "[l]ike its predecessor, the Second Amended Complaint is unclear whom Plaintiff intends to sue."

On August 12, 2009, Butler filed a third amended complaint. National CORE, HACoLA, the City of Palmdale ("Palmdale"), Oscar Barraza, in his individual capacity, and "Mr Derrico", in his individual capacity, are identified as defendants in the caption. In the "Statement of Facts," Butler alleged that:

9. On April 18th 2007 Section 8 investigator Mr Derrico came to my apartment and knock [sic] on my door. I asked who is it and he said Housing Authority investigator.

10. And I ask him if he had a search warrant from my upstairs window. He said no and I told him that I was not going to let him in.

11. So Mr Derrico went and got the manager of National Renaissance Community Corporation Elizabeth Freeman, City Employee Oscar Barraza, and Sheriff Deputies McCormick, and Murphy, and officers from Housing authority whose names I don't know (John Doe's). Mr Derrico then told Elizabeth Freeman to open the door and Ms Freeman took the key and opened the door. Elizabeth Freeman gave me no notice of entry and was acting in concert with Housing Authority officers.

12. After opening my front door I was sitting on the stair inside my apartment and an officer from housing authority came up the stairs towards me with his gun in his hand and told me to go down stairs. The officer from

Housing Authority continued upstairs and proceeded to search.

13. Mr. Derrico and Oscar Barraza, and other officers from Housing Authority (John Doe's) entered and started searching my apartment. I could see them searching my closet and then some of the other officers from Housing Authority sent into my kitchen. I asked why were they searching my apartment.

14. By that time Palmdale Sheriff Deputies Murphy, and McCormick entered into my apartment and cuffed me then walked me to there [sic] car and detained me in there [sic] car for about 20 minutes and then cited me out for an infraction and released me at that point.

15. While I was detained, the Housing Authority officers Mr. Derrico, and City Employee inspector Oscar Barraza continued to search my apartment.

16. It is a custom of the Housing Authority to illegally enter peoples [sic] homes who have Section 8 housing vouchers.

17. I made a complaint with the City of Palmdale on Jun [sic] 11 2007. See Exhibit A. They denied my complaint.

18. As a result of this I suffered High blood pressure and emotional Distress. I also had to

go to the doctor for my increase [sic] blood pressure.

On August 20, 2009, Butler filed a proof of service declaring that the third amended complaint was "personally served" on HACoLA via a post office box in Santa Fe Springs, California. That proof of service also indicated that National CORE and Palmdale were personally served, but did not indicate that D'Errico was served. On September 17, 2009, Butler filed a proof of service indicating that D'Errico was personally served on August 18, 2009.

On September 8, 2009, Palmdale and Barraza filed a Motion to Dismiss the third amended complaint. On September 10, 2009, National CORE also filed a motion to dismiss the third amended complaint. On January 13, 2010, the court denied National CORE's motion, but granted Palmdale and Barraza's motion and dismissed the third amended complaint with leave to amend. The district court concluded, *inter alia*, that Butler's claims against Palmdale and Barraza were untimely and did not relate back to any of Butler's prior pleadings.

On March 15, 2010, Butler filed a nineteen-page fourth amended complaint. Butler again named as defendants National CORE, HACoLA, Palmdale, as well as Oscar Barraza and "Mr. Derrico" in their individual capacities.[1] The core of Butler's factual allegations were again the warrantless search of her apartment on April 18, 2007. Butler added details concerning the relationship between National CORE, HACoLA, Palmdale, as well as her rental history with

---

[1] This complaint, for the first time, listed "Lee D'Errico" as a defendant rather than just "Mr. Derrico."

HACoLA. Butler alleged that, "[i]n the week after the search, [she] contacted HACoLA on approximately seven different occasions and was informed that D'Errico had led the investigation of her apartment." Butler alleged that on June 11, 2007, she filed a claim with Palmdale in which she "accused Barazza [sic] of entering her apartment on April 18, 2007." On June 28, 2007, Palmdale allegedly denied Butler's claim. The fourth amended complaint contained three claims for relief: (1) a civil rights violation claim under 42 U.S.C. § 1983 against all defendants; (2) a breach of contract claim against National CORE; and (3) a claim for declaratory relief against all defendants.

Palmdale, Barraza, HACoLA and D'Errico filed motions to dismiss asserting that Butler's claims against them were barred by the statute of limitations.

## B. The District Court's Decisions

The district court granted appellees' motions and dismissed Butler's claims against Palmdale, Barraza, HACoLA, and D'Errico with prejudice. The district court first considered the timeliness of Butler's claims against HACoLA and D'Errico. The court found that the original complaint did not sufficiently identify either HACoLA or D'Errico as defendants. The court also found that Butler "did not make any 'mistake concerning the proper party's identity' of which Defendants were or should have been aware." Rather, the court concluded that Butler knew of HACoLA and D'Errico's existence, status, and roles at the time she filed her original complaint, and that HACoLA and D'Errico were aware, shortly after the search of Butler's apartment, that Butler knew of their existence and roles. Thus, the court determined that Butler's claims against HACoLA and

D'Errico did not relate back, under Federal Rule of Civil Procedure 15(c)(1), to the time Butler filed her original complaint. The court further concluded that Butler's claims against HACoLA and D'Errico did not relate back under California law because Butler did not name any fictitious defendants in her original complaint.

The court then turned its attention to the timeliness of Butler's claims against Palmdale and Barraza. The court first noted that it had previously ruled, in its Memorandum and Order of January 13, 2010, that Butler's claims against Palmdale and Barraza in her third amended complaint were untimely and did not relate back to the date of the filing of any of Butler's earlier pleadings. The court found that Butler's claims against Palmdale and Barraza in her fourth amended complaint were based on the same allegations Butler made in her third amended complaint. The court explained that neither the original complaint nor the first amended complaint sufficiently identified Palmdale or Barraza as defendants. The court also found that Butler knew of Palmdale or Barraza's existence, status, and roles in the search of her apartment at the time she filed her tort claim with Palmdale on June 11, 2007, and that, in light of that tort claim, Palmdale and Barraza could not have believed that Butler's failure to name them in her original complaint was the product of any "mistake" regarding their identities. The court also determined that Butler's claims against Palmdale and Barraza did not relate back under California law because Butler did not name any fictitious defendants in her original complaint and Butler was not "plainly ignorant" of Palmdale and Barraza's identities at the time she filed her original complaint.

Finally, the court addressed the issue of equitable tolling. The court concluded that California's equitable tolling doctrine did not "rescue" Butler's claims against Palmdale, Barraza, HACoLA, and D'Errico. The court explained that, at most, Butler's tort claim with Palmdale tolled the statute of limitations for the ten days it was pending. However, since Butler did not name Palmdale or Barraza until the second amended complaint, and did not name D'Errico until the third amended complaint, tolling based on Butler's tort claim did not save her claims because both of those filings occurred after the extended statute of limitations had expired. The court further explained that because Butler had never filed a tort claim against HACoLA, equitable tolling against HACoLA was unwarranted. The court also determined that Butler was not entitled to equitable tolling based on "technical error" in her original complaint where she never named Palmdale, Barraza, HACoLA, or D'Errico in that pleading. Finally, the court rejected Butler's argument that she should be allowed to proceed with her claims because the policy of deciding *pro se* federal civil rights cases on their merits outweighed the policy underlying the statute of limitations. The court found that, under California law, the policy underlying the statute of limitations in favor of repose and the policy favoring disposition of cases on their merits were of equal merit.

The court concluded that Butler had failed to show that California's equitable tolling doctrine permitted her to amend her lawsuit to add time-barred claims against new defendants. Thus, the court held that Butler was not entitled to equitable tolling and that the statute of limitations barred her claims against Palmdale, Barraza, HACoLA, and D'Errico. The court ordered that Butler's case would proceed against National CORE as the sole defendant.

## II.  LEGAL ANALYSIS

### A.  Applicable Standards

Section 1983 does not contain its own statute of limitations.  Without a federal limitations period, the federal courts "'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (quoting *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004)); *see Wilson v. Garcia*, 471 U.S. 261, 279–80 (1985), *superceded by statute on other grounds*, Judicial Improvements Act of 1990, Pub. L. No. 101-650, 104 Stat. 5114,  *as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 377–80 (2004); *see also Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) ("State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling.").  California's statute of limitations for personal injury claims is two years.  *See* CAL. CIV. P. CODE § 335.1; *Cantella*, 486 F.3d at 1132.  But, in borrowing a state statute of limitations for a federal cause of action, we follow the Supreme Court's direction to "borrow no more than necessary."  *West v. Conrail*, 481 U.S. 35, 39 (1987).

### B.  Identification Of Defendants

Initially, Butler challenges the court's determination that she failed to properly name Palmdale, Barraza, HACoLA, and D'Errico in her original complaint.  Butler argues that she sufficiently identified Palmdale, Barraza, HACoLA, and D'Errico as defendants in the body of her original complaint through her use of misnomers.  The appellees dispute Butler's

argument and contend that the court did not err in its determination.

The court correctly rejected Butler's argument. "[A] party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant." *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983). The allegations in the body of Butler's original complaint do not plainly indicate that she intended any party, other than National Community Renaissance Corporation ("National CORE"), to be a defendant. Neither Palmdale nor HACoLA are mentioned whatsoever in the body of the original complaint. Butler's allegations regarding her complaints to HACoLA and the City in 2007 show that she knew Palmdale, HACoLA, Barraza, and D'Errico's identities by the time she filed her original complaint. Thus, if Butler intended to name Palmdale, HACoLA, Barraza, and D'Errico as defendants, she could have done so with far more specificity. Yet, the body of the original complaint contains no names whatsoever of any individual or organization involved in the search of Butler's apartment. Under such circumstances, Butler did not identify Palmdale, HACoLA, Barraza, or D'Errico as defendants in her original complaint.

## C. Governing Law On The Relation Back Of Claims

Butler argues that the court erred in concluding that her amended complaints, naming Palmdale, HACoLA, Barraza, and D'Errico as defendants, did not relate back to the date of her original complaint. This issue requires us to determine the controlling law—state or federal. Prior to the 1991 amendments to Federal Rule of Civil Procedure 15(c), this court held that the relation back provisions of state law, rather

than Rule 15(c), govern a federal cause of action pursuant to § 1983. *See Merritt v. Cnty. of L.A.*, 875 F.2d 765, 768 (9th Cir. 1989); *Cabrales v. Cnty. of L.A.*, 864 F.2d 1454, 1462–64 (9th Cir. 1988), *vacated on other grounds*, 490 U.S. 1087 (1989), *decision reinstated on remand*, 886 F.2d 235 (9th Cir. 1989).   In *Cabrales*, this court held the relation back provisions of state law, rather than  Rule 15(c), govern a federal cause of action pursuant to 42 U.S.C. § 1983.[2]  This court concluded that California's relation back provisions constitute a substantive state policy that is applicable in federal civil rights actions in which a state statute of limitations governs. *Id.* at 1464; *see Merritt*, 875 F.2d at 768 n.5.  As this court recognized in *Merritt*, "We reached this determination despite the fact that substitution of the additional defendants would have violated the notice requirements of the federal rule.  Under California relation back rules, there is no notice-to-defendants requirement as in the federal rule." *Merritt*, 875 F.2d at 768 (citing *Cabrales*, 864 F.2d at 1463).

---

[2] At the time, other federal circuit courts of appeals held that Rule 15(c) applied in § 1983 cases. *See, e.g.*, *Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 100 (1st Cir. 1979); *Gleason v. McBride*, 869 F.2d 688, 693 (2d Cir. 1989); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986); *Wood v. Worachek*, 618 F.2d 1225, 1229 (7th Cir. 1980); *McCurry v. Allen*, 688 F.2d 581, 584–85 (8th Cir. 1982).

The Supreme Court amended Rule 15(c) in 1991.[3] We conclude that the 1991 amendment superseded *Cabrales* and *Merritt* to the extent that they hold that state law exclusively governs the relation back of amendments in § 1983 cases. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). As amended, Rule 15(c)(1) currently provides:

> **(1)** *When an Amendment Relates Back*. An amendment to a pleading relates back to the date of the original pleading when:
>
>> (A)    the law that provides the applicable statute of limitations allows relation back;

---

[3] Prior to the 1991 amendments, Rule 15(c) provided in pertinent part:

> **(c) Relation Back of Amendments**. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

FED. R. CIV. P. 15(c) (1987); *see Martell v. Trilogy Ltd.*, 872 F.2d 322, 323–24 (9th Cir. 1989).

(B)     the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C)     the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c)(1) (2014).

The advisory committee notes accompanying this paragraph state that the provision "is intended to make it clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law." FED.

R. CIV. P. 15(c)(1) advisory committee notes (1991). The committee notes further provide:

> Generally, the applicable limitations law will be state law. If federal jurisdiction is based on the citizenship of the parties, the primary reference is the law of the state in which the district court sits. Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.

*Id.* Thus, Rule 15(c)(1) incorporates the relation back rules of the law of a state when that state's law provides the applicable statute of limitations and is more lenient. As a result, if an amendment relates back under the state law that provides the applicable statute of limitations, that amendment relates back under Rule 15(c)(1) even if the amendment would not otherwise relate back under the federal rules. *See* 6A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 1503 (2d ed. Supp. 2001) (noting that "[i]n 1991, Rule 15(c) was amended to clarify that relation back may be permitted even if it does not meet the standards of the federal rule if it would be permitted under the applicable limitations law").[4] Applying Rule 15(c) to relation back

---

[4] The 1991 amendment to Rule 15(c) also changed the time in which a new defendant must have notice of the action and have knowledge that the action would have been brought against that defendant but for the plaintiff's mistake. The prior version of Rule 15(c) required notice and knowledge "within the period provided by law for commencing the action against the party to be brought in by amendment. . . ." FED. R. CIV. P. 15(c) (1987). As amended, the notice time was extended to the 120 days provided by Rule 4(m). *See* FED. R. CIV. P. 15(c) advisory committee

issues in § 1983 actions comports with the results in *Cabrales* and *Merritt*, namely, that in some circumstances a plaintiff may be entitled to the benefit of state law relation back rules if those are more generous than Rule 15(c). *See Merritt*, 875 F.2d at 768; *Cabrales*, 864 F.2d at 1463. Furthermore, the general purpose of the Federal Rules of Civil Procedure is "to minimize technical obstacles to a determination of the controversy on its merits.'" *G. F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1502 (9th Cir. 1994) (quoting *United States ex rel. Atkins v. Reiten*, 313 F.2d 673, 675 (9th Cir. 1963)). This purpose is served by deferring to the more permissive law, state or federal, which allows an amendment to relate back.

Finally, applying Rule 15(c) brings the law of this circuit into conformity with (1) the Supreme Court's order that Rule 15(c) "shall take effect on December 1, 1991, and shall govern *all* proceedings in civil actions thereafter commenced," 134 F.R.D. 525 (1991) (emphasis added), and (2) the law of our sister circuits on this issue. Currently, other federal circuit courts of appeals uniformly hold that the relation back provision of Rule 15(c) applies in federal civil cases.[5] *See Hogan v. Fischer*, 738 F.3d 509, 517 (2nd Cir. 2013); *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 777 (3d Cir. 2000); *Robison v. Clipse*, 602 F.3d 605, 607 (4th Cir. 2010); *Crostley v. Lamar Cnty., Tex.*, 717 F.3d 410, 421 (5th Cir. 2013); *Hall v. Spencer Cnty., Ky.*, 583 F.3d 930, 934 (6th

---

notes (1991) (stating that the intent of the change was to overrule *Schiavone v. Fortune*, 477 U.S. 21 (1986)).

[5] In one post-1991 decision, this court has already applied Rule 15(c) in a § 1983 action. *See Eaglesmith v. Ward*, 73 F.3d 857, 860 (9th Cir. 1995).

Cir. 2009); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008); *Foulk v. Charrier*, 262 F.3d 687, 696 (8th Cir. 2001); *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275–76 (11th Cir. 2003).

We, therefore, will review Butler's amendments under Rule 15(c). In this case, because the limitations period derives from state law, Rule 15(c)(1) requires us to consider both federal and state law and employ whichever affords the "more permissive" relation back standard. *See Coons v. Indus. Knife Co.*, 620 F.3d 38, 42 (1st Cir. 2010) ("We have described the choice between these two provisions as 'a one-way ratchet,' meaning that a party is entitled to invoke the more permissive relation back rule, whether that is the state rule or the federal rule set out in Rule 15(c)(1)(C)."); *Hogan*, 738 F.3d at 518 ("Rule 15(c)(1)(A) instructs courts, then, to look to the entire *body* of limitations law that provides the applicable statute of limitations. . . . Thus, under Rule 15(c)(1)(A), we must determine if New York state law provides a 'more forgiving principle of relation back' in the John Doe context, compared to the federal relation back doctrine under Rule 15(c)(1)(C).").

### D.  Application Of  Relation Back Laws

### 1.  Relation back under California law

California law provides the applicable statute of limitations here. Amendments of pleadings under California law are generally governed by California Civil Procedure

Code § 473(a)(1).[6]  *See Bd. of Trs. of Leland Stanford Jr. Univ. v. Superior Ct.*, 57 Cal. Rptr. 3d 755, 761–62 (Cal. Ct. App. 2007).  Section 473(a)(1) does not contain any express provision for relation back of amendments, and California courts have held that it "does not authorize the addition of a party for the first time whom the plaintiff failed to name in the first instance." *Kerr-McGee Chem. Corp. v. Superior Ct.*, 206 Cal. Rptr. 654, 656 (Cal. Ct. App. 1984).  Under California Civil Procedure Code § 474, however, California courts have recognized that "where an amendment does not add a 'new' defendant, but simply corrects a misnomer by which an 'old' defendant was sued, case law recognizes an exception to the general rule of no relation back."[7] *Hawkins v. Pac. Coast Bldg. Prods., Inc.*, 22 Cal. Rptr. 3d 453, 457

---

[6] Section 473(a)(1) provides in relevant part that:

> The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect. . . .

CAL. CIV. P. CODE § 473(a)(1).

[7] Section 474 provides in pertinent part that:

> When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly. . . .

CAL. CIV. P. CODE § 474.

(Cal. Ct. App. 2004).  The explanation for this exception is that:

> "[T]he general rule supplies no litmus to differentiate between erroneous description and change of identity. It ignores the difference between a plaintiff who has committed an excusable mistake and one who seeks a free option among potential liability targets after the statute has run; neither does it consider modern business practices, which often divide integrated business operations— if only for tax purposes—among a group of artificial legal entities.  To accommodate the latter factors, an 'exception to the general rule' has been formulated, which permits correction where the plaintiff has committed an excusable mistake attributable to dual entities with strikingly similar business names or to the use of fictitious names."

*Id.* (quoting *Mayberry v. Coca Cola Bottling Co. of Sacramento*, 53 Cal. Rptr. 317, 319–20 (Cal. Ct. App. 1966)). For § 474 to apply, however, the plaintiff must be "genuinely ignorant" of the defendant's identity at the time the original complaint is filed.  *Woo v. Superior Court*, 89 Cal. Rptr. 2d 20, 25 (Cal. Ct. App. 1999).

     Butler argues that the court erred in determining that her amendments did not relate back.  She contends that her amendments should have related back because the amendments merely corrected misnomers she used in lieu of the appellees' names in her original complaint.  The appellees contend that the court correctly looked to California Civil

Procedure Code § 474 in determining whether Butler's amended complaints related back and in concluding that Butler's amendments did not relate back because Butler was not "ignorant" of their identities when she filed her original complaint.

The record supports the district court's finding that Butler was not "generally ignorant" of the identities of Palmdale, Barraza, HACoLA, or D'Errico when she filed her original complaint. Butler alleged that she had contacted HACoLA within a week of the search, learned D'Errico's name, and subsequently spoke to him twice. Likewise, Butler alleged that she submitted a tort claim to Palmdale on June 11, 2007, in which she accused Barraza of wrongfully entering her apartment on April 18, 2007. Accordingly, because Butler was not ignorant of the appellees' names or identities at the time the original complaint was filed, those amendments do not relate back under § 474. *See Woo*, 89 Cal. Rptr. 2d at 25. Accordingly, the court correctly concluded that Butler's amended complaints adding appellees did not relate back under § 474. *See id*.

### 2. *Relation back under Federal Rule of Civil Procedure 15*

Rule 15(c)(1)(C) provides the federal standard for whether a pleading relates back. *See Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010) ("Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations."). In order for an amended complaint to relate back under Rule 15(c)(1)(C), the following conditions must be met: "(1) the basic claim must

have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it." *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986). Additionally, the second and third requirements must have been fulfilled within 120 days after the original complaint is filed, as prescribed by Federal Rule of Civil Procedure 4(m). *See Hogan*, 738 F.3d at 517 (indicating that the fourth requirement is met when "'the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.'") (quoting *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 468–69 (2d Cir. 1995)).

There is no dispute that the first two requirements were met. The dispute lies with the third requirement, that the appellees "knew or should have known that the action would have been brought against [them], *but for a mistake concerning the proper party's identity.*" FED. R. CIV. P. 15(c)(1)(C)(ii) (emphasis added). The United States Supreme Court construed Rule 15(c)(1) (C)(ii) in *Krupski*, 560 U.S. 538. In *Krupski*, a cruise ship passenger sued for injuries suffered on the ship. *Id.* at 541–42. The complaint named the marketing agent for the carrier as the defendant, rather than the carrier. *Id.* at 543. After the statute of limitations had run, she sought to amend her complaint under Rule 15(c)(1)(C) to state her claim against the carrier. *Id.* at 544. The Eleventh Circuit Court of Appeals ruled that the proposed amendment did not relate back because the plaintiff was made aware of the existence of the correct entity prior to the expiration of the statute of limitations. *Id.* at 546. In

reversing, the Court held: "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge." *Id.* at 541. The Court went on to explain that:

> [b]y focusing on [plaintiff's] knowledge, the Court of Appeals chose the wrong starting point. The question under Rule 15(c)(1)(C)(ii) is not whether [plaintiff] knew or should have known the identity of [the carrier] as the proper defendant, but whether [the carrier] knew or should have known that it would have been named as a defendant but for an error. Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint.

*Id.* at 548.

We conclude that the district court correctly held that Butler did not establish that any of the appellees knew or should have known that her lawsuit would have been brought against them but for her mistake. Butler points to her timely original complaint and tort claim she made with Palmdale regarding the search of her apartment in which she named Barraza. Butler argues that her actions sufficiently alerted appellees that she intended to sue them. Butler's argument is flawed. First, the text of her original complaint, in which she identified National CORE as the sole defendant, would not have alerted any of the appellees that Butler intended to sue them. As discussed above, the body of the complaint contains no names whatsoever of any individual or

organization involved in the search of Butler's apartment. In addition, other than identifying the date of the search, the body of the original complaint offers no clues as to the location of Butler's apartment. The address of Butler's apartment is not mentioned, nor is the city, county, or even state where that apartment is located. This is significant. Without Palmdale, HACoLA, or any of the individual actors being identified by name, the complaint's bare references to "City employee" is meaningless. Butler could be referring to any city employee in any city where National CORE maintains an apartment. Similarly, the vague references to "Section 8 investigator" did nothing to apprise either HACoLA or D'Errico that Butler intended to sue them. Again, Butler could be referring to a "Section 8 investigator" in any county where National CORE maintains an apartment. Butler's 2007 tort claim against Palmdale did next to nothing to apprise either Palmdale or Barraza that Butler's 2009 lawsuit would have been brought against them but for Butler's mistake. The short answer here is that there is no nexus between the two events that would have alerted Palmdale or Barraza about Butler's intent to sue them in 2009. Therefore, the court correctly concluded that Butler's amended complaints, adding Appellees, did not relate back under Rule 15(c)(1)(C).[8]

---

[8] Butler also contends that the court should have tolled the 120-day period for service of the summons and complaint, under Federal Rule of Civil Procedure 4(m), while it screened her *in forma pauperis* complaints. Other federal circuit courts of appeals have held that the 120-day service period is tolled until the court screens a plaintiff's *in forma pauperis* complaint and authorizes service of process. *See Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010); *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 459 (3d Cir. 1996); *see also Paulk v. Dep't of the Air Force*, 830 F.2d 79, 83 (7th Cir. 1987) (holding that a motion to proceed *in forma pauperis* tolled the statute of limitations during the pendency of

### E.  Equitable Tolling

Butler also contends that the court improperly resolved her claim of equitable tolling on the pleadings.  We conclude that the court could determine equitable tolling at the pleading stage here since Butler did not alert the court to the existence of a claim form she filed with the County of Los Angeles or the county's denial of such a claim.  As a result, nothing prevented the court from ruling on the applicability of California's equitable tolling at the pleading stage.

The court also did not err in rejecting Butler's claim of equitable tolling under California law.  We borrow our rules for equitable tolling from the forum state, California.  *See Hardin v. Straub*, 490 U.S. 536, 539 (1989).  Under California law, equitable tolling "reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage." *Addison v. State*, 578 P.2d 941, 943 (Cal. 1978).  The California Supreme Court has reasoned that the primary purpose of a limitations statute is to "'(prevent) surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.'" *Elkins v. Derby*, 525 P.2d 81, 86 (Cal. 1974) (footnote omitted and quoting *Order of R.R. Telegraphers v. Ry. Express Agency, Inc.*, 321 U.S. 342, 348–49 (1942)).  This primary purpose is "normally satisfied

the § 1915 motion).  Because Butler did not raise this issue before the court, we consider the argument forfeited.  *See Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009); *Allen v. Ornoski*, 435 F.3d 946, 960 (9th Cir. 2006).

when the defendant receives timely notification of the first of two proceedings." *Elkins*, 525 P.2d at 85 n.3.

The district court correctly noted that under California's test for equitable tolling, a plaintiff must establish "'timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff.'" *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 194 P.3d 1026, 1033 (Cal. 2008) (quoting *Addison v. California*, 578 P.2d 941, 943–44 (Cal. 1978)). The record supports the district court's finding that, at most, Butler's tort claims against Palmdale and Barraza were tolled for the ten days her tort claim was pending with Palmdale, but, even with this tolling, Butler's amended complaints were untimely.

HACoLA and D'Errico are on different footing. As we noted above, Butler never asserted before the court that she had filed a civil complaint with HACoLA. Thus, the court correctly concluded that because Butler had never filed a tort claim against HACoLA, equitable tolling against HACoLA was unwarranted. *See McDonald*, 194 P.3d at 102 n.2 (pointing out that the timely notice requirement looks to whether a first claim was filed within the statutory period).

### III.  CONCLUSION

Because the district court committed no error in its determination that Butler's claims are time-barred, we affirm.

**AFFIRMED.**