**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GILDA BAKER, Successor and interest to
the Decedent, Diallo Sekou Neal Sr.
Estate,

          Plaintiff - Appellant,

  and

ESTATE OF DIALLO SEKOU NEAL
SR.; et al.,

          Plaintiffs,

  v.

CALIFORNIA HIGHWAY PATROL,
HOWARD JORDAN; et al.,

          Defendants - Appellees.

No. 13-16870

D.C. No. 3:13-cv-00073-MEJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

Submitted April 22, 2015<sup>*</sup>

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Gilda Baker appeals pro se from the district court's judgment dismissing her action arising out of the death of her son and subsequent investigation of the circumstances of his death. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, and may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of Baker's § 1983 and *Monell* claims was proper because Baker failed to file her action within the statute of limitations. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury actions); *Knox v. Davis*, 260 F.3d 1009, 1012-13 (9th Cir. 2001) (for § 1983 claims, federal courts apply the forum state's personal injury statute of limitations and apply federal law to determine accrual; a § 1983 claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of the action).

Contrary to Baker's contentions, she is not entitled to equitable tolling. *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1204 (9th Cir. 2014) (explaining that federal courts borrow state law equitable tolling provisions and

---

<sup>***</sup>     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

setting forth California's doctrine of equitable tolling); *see also Gutierrez v. Mofid*, 705 P.2d 886, 902-03 (Cal. 1985) (the limitations period is not equitably tolled by an attorney's belief that plaintiff lacks a legal remedy). Nor is Baker entitled to equitable estoppel. *See Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1051-52 (9th Cir. 2008) (setting forth elements of California's equitable estoppel doctrine and explaining that the plaintiff must identify fraudulent concealment or conduct "*above and beyond* the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time" (citation and internal quotation marks omitted)).

We reject Baker's contentions regarding her competency.

**AFFIRMED.**

13-16870