NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

HECTOR L. RESSY,

    Plaintiff-Appellant,

v.

PIERCE COUNTY; et al.,

    Defendants-Appellees.

No. 15-35565

D.C. No. 3:14-cv-05693-RBL

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted January 18, 2017**

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Hector L. Ressy appeals pro se from the district court's judgment dismissing

as untimely his 42 U.S.C. § 1983 action alleging federal and state law claims

arising from his pretrial detention.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo.  *Butler v. Nat'l Cmty. Renaissance of Cal.*, 755 F.3d 1191,

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1194 (9th Cir. 2014) (application of the relation-back doctrine under Federal Rule of Civil Procedure 15(c)); *Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir. 2002) (dismissal based on the statute of limitations). We affirm.

The district court properly dismissed Ressy's claim as barred by the statute of limitations. *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 750 (9th Cir. 1991) (limitations period for § 1983 claim is three years under Washington state law); *see also Woods View II, LLC v. Kitsap Cnty.*, 352 P.3d 807, 816 (Wash. Ct. App. 2015) (the statute of limitations for a negligence action is three years). The district court properly concluded that Ressy's amended complaint did not relate back to his original complaint under Rule 15 because Ressy failed to demonstrate that defendants had timely notice of Ressy's action or knew or should have known that the action would have been brought against them but for Ressy's mistake concerning their identity. *See* Fed. R. Civ. P. 15(c)(1)(C); Wash. Civ. R. 15(c); *see also Butler*, 766 F.3d at 1202-03 (discussing the requirements for relation-back under Federal Rule of Civil Procedure 15(c)(1)(C)).

**AFFIRMED.**