NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 1 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY TYREE BROWN, | No. 16-35378 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00121-TOR |
| v. | |
| ELDON VAIL, in his individual and official capacities; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Submitted February 27, 2018[**]

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Washington state prisoner Gregory Tyree Brown appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under Fed. R.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Civ. P. 12(b)(6) and on the basis of the applicable statute of limitations. *Ventura Mobilehome Cmtys. Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1050 (9th Cir. 2004). We vacate and remand.

The district court properly found that Brown is entitled to tolling from April 22, 2012 through May 17, 2012, while his grievance was pending with the prison's superintendent. However, taking the amended complaint's factual allegations as true, Brown is also entitled to tolling for the period from February 5, 2012, when he first filed his grievance with the prison captain's office, to April 22, 2012. Brown alleged that there was no written policy governing the proper procedures for a prisoner to seek redress for confiscation of property, he was instructed to file and did file an appeal through the prison captain's office, and was not told until April 22, 2012 to submit his appeal to the prison's superintendent. *See Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) ("Prisoners need comply only with the prison's own grievance procedures to properly exhaust under the PLRA."); *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations [is] tolled while a prisoner completes the mandatory exhaustion process.").

Applying these 77 additional days of tolling and the 25 days of tolling that the district court already accepted, the statute of limitations expired on April 27, 2015. Thus, Brown's original complaint in this action, mailed on March 31, 2015,

was timely. *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (section 1983 claims are subject to the forum state's statute of limitations for personal injury claims); Wash. Rev. Code § 4.16.080(2) (personal injury claims are subject to a three-year statute of limitations). We vacate the dismissal of Brown's action as time-barred under the applicable statute of limitations and remand for further proceedings.

The district court declined to exercise supplemental jurisdiction over Brown's state law claims after his federal claims were dismissed. In light of our disposition, we vacate the dismissal of the state law claims and remand for the district court to decide whether to exercise supplemental jurisdiction over these claims.

Each party shall bear its own costs on appeal.

**VACATED and REMANDED.**