**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 5 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL AVILA; BARBARA AVILA, | No. 18-35148 |
| Plaintiffs-Appellants, | D.C. Nos.  2:10-cv-00408-EFS |
| | 2:11-cv-00165-EFS |
| v. | |
| SPOKANE SCHOOL DISTRICT 81, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted November 27, 2018[**]

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Miguel Avila and Barbara Avila, parents of a student in Spokane School

District 81, appeal pro se from the district court's judgment dismissing their action

alleging violations of the Individuals with Disabilities Education Act ("IDEA").

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal on

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  The Avilas' request for oral argument, set forth in the opening brief, is denied.

the basis of the applicable statute of limitations. *Butler v. Nat'l Cmty. Renaissance*, 766 F.3d 1191, 1194 (9th Cir. 2014). We affirm.

The district court properly dismissed the Avilas' claims that defendant failed to identify their child's disability or assess their child for autism in 2006 and 2007 because the Avilas filed their request for a due process hearing after the applicable statute of limitations had run, and the Avilas did not establish that an exception to the statute of limitations applied. *See* 20 U.S.C. § 1415(f)(3)(C)-(D) (setting forth a two-year limitations period for IDEA claims and exceptions to the statute of limitations); *Avila v. Spokane Sch. Dist. 81*, 852 F.3d 936, 937 (9th Cir. 2017) (holding that the discovery rule applies to IDEA claims and the statute of limitations begins to run when the parent "knew or should have known about the alleged action that forms the basis of the complaint").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as meritless the Avilas' contentions regarding the harmless error doctrine and that the district court improperly narrowed the scope of review.

**AFFIRMED.**

2                                                                 18-35148