NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HEATHER MARLOWE, | No. 17-15205 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00076-MMC |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, a governmental entity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Submitted February 15, 2019**
San Francisco, California

Before: McKEOWN and W. FLETCHER, Circuit Judges, and EZRA,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Heather Marlowe appeals the district court's dismissal, as time-barred and for failure to state a claim, of her claims under 42 U.S.C. § 1983. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We need not decide whether Marlowe's *Monell* claim against the City and County of San Francisco accrued upon incurring her injury or when she knew, or reasonably should have known, that an official custom or policy caused her injury, because, in any event, her claim had accrued by October 2012. By that time, she had experienced a delay of more than two years in testing her rape kit (the injury), and the San Francisco Police Department had informed her that the delay and backlog resulted from prioritizing "more important crimes" (the custom or policy). Marlowe's *Monell* claim had accrued following this injury, value judgment, and prioritization. Applying California's two-year statute of limitations, the *Monell* claim was time-barred when Marlowe filed suit in January 2016. *Lukovsky v. City & Cty. of S.F.*, 535 F.3d 1044, 1048 (9th Cir. 2008) (claims under § 1983 adopt the forum state's statute of limitations for personal injury actions); Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations).

Equitable estoppel does not bar San Francisco from relying on the statute of limitations. For equitable estoppel to apply, a plaintiff must actually and reasonably rely on a defendant's misleading conduct. *Lantzy v. Centex Homes*, 73

2

P.3d 517, 533–34 (Cal. 2003), *as modified* (Aug. 27, 2003); *see Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (claims under § 1983 borrow the forum state's equitable defenses to the statute of limitations). Marlowe does not allege that she relied, in delaying filing suit, on the San Francisco Police Department's May 2013 statement that all rape kits had been tested. Nor would any such reliance have been reasonable, because the status of rape kit testing in May 2013 was irrelevant to Marlowe's claim that San Francisco's policy or custom violated her constitutional rights between 2010 and 2012.

Even if timely, Marlowe's other claims fail on the merits. Apart from several conclusory allegations, which we do not consider, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), the second amended complaint fails to allege facts that plausibly suggest a failure to train caused the alleged equal protection violation. The allegations against Police Commission President Suzy Loftus, Police Chief Greg Suhr, and Deputy Police Chief Mikail Ali, are similarly conclusory, and they do not plausibly suggest that these officials violated the Constitution through their "own individual actions." *Id.* at 676; *see Starr v. Baca*, 652 F.3d 1202, 1205–07 (9th Cir. 2011) (distinguishing between supervisory liability and vicarious liability).

**AFFIRMED.**