**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GRIFFIN BURKE, | No. 20-56124 |
| Plaintiff-Appellant, | D.C. No. 8:20-cv-00635-JVS-JDE |
| v. | |
| TREVOR BASIL; et al., | MEMORANDUM* |
| Defendants, | |
| and | |
| SEAN BOULTON; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted June 21, 2021**

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Griffin Burke appeals pro se from the district court's judgment dismissing as

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

time-barred Burke's claims against defendants Newport-Mesa Unified School District, Boss, Boulton, and Hays alleging federal and state law violations. Because the district court certified its interlocutory order pursuant to Federal Rule of Civil Procedure 54(b), we have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal on statute of limitations grounds. *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008). We affirm.

The district court properly dismissed Burke's § 1983, California Education Code § 220 and fraud claims against defendants Boss, Boulton, and Hays because they are barred by the applicable statute of limitations, even with the benefit of statutory tolling until Burke turned eighteen on March 6, 2016. *See* Cal. Civ. Proc. Code § 335.1 (setting forth two-year statute of limitations for personal injury claims); Cal. Civ. Proc. Code § 338(d) (setting forth three-year limitations period for fraud claims). Cal. Civ. Proc. Code § 352(a) (tolling the statute of limitations if person is under the age of majority at the time the claims accrued); *Lukovsky*, 535 F.3d at 1048-49 (applying the forum state's statute of limitations for personal injury actions to 1983 claim; "the [1983] claim accrues upon awareness of the actual injury . . . and not when the plaintiff suspects a legal wrong"); *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 917 (Cal. 2005) (outlining California's delayed discovery rule; a cause of action accrues and the statute of limitations begins to run "when the plaintiff has reason to suspect an injury and some

2

wrongful cause, unless the plaintiff pleads and proves that a reasonable investigation at that time would not have revealed a factual basis for [the] cause of action").

Contrary to Burke's contention, the district court properly concluded that Burke's amended complaints did not relate back to his original complaint. *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1200-02 (9th Cir. 2014) (applying California's relation back doctrine; if the limitations period derives from state law, a court is required to consider both federal and state law and employ whichever affords the more permissive relation back standard).

The district court did not err in finding that Burke failed to plead with particularity that the relevant defendants engaged in "some fraudulent concealment . . . above and beyond the wrongdoing upon which the plaintiff's claims [are] filed, to prevent the plaintiff from suing in time." *Lukovsky*, 535 F.3d at 1052 (internal citation, quotation marks, and emphasis omitted); *see id.* at 1051-52 (explaining doctrine of equitable estoppel under California and federal law).

The district court did not abuse its discretion in denying leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**