NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEVIN ANDRICH, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ALLISTER ADEL, in her individual, supervisory and official capacities; COUNTY OF MARICOPA, a public entity; JEFFREY DUVENDACK, in his individual and supervisory capacities; KRISTIN NORDEEN, in her individual and supervisory capacities; HEATHER L. KIRKA, in her individual and supervisory capacities, also named as Heather Kirka; JOSE GARCIA, in his individual and supervisory capacities; DAVID BECK, in his individual and supervisory capacities; STATE BAR OF ARIZONA; STACY LYNN SHUMAN, in her individual and supervisory capacities; MARK BRNOVICH, Attorney General; MICHAEL GINGOLD, in his individual and supervisory capacities; STATE OF ARIZONA, a public entity, <br><br> Defendants-Appellees. | No. 22-15268 <br><br> D.C. No. 2:20-cv-01237-GMS-MTM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 11, 2023

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Devin Andrich appeals pro se from the district court's dismissal of his Third Amended Complaint. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

**I**

The statute of limitations under 42 U.S.C. § 1983 is equal to the statute of limitations for a personal injury action in the forum state. *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014). Arizona imposes a two-year statute of limitations for personal injury actions. Ariz. Rev. Stat. § 12-542. A cause of action accrues when a plaintiff learns of his injury and who inflicted it. *Bibeau v. Pac. N.W. Rsch. Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999) (quoting *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). A plaintiff must be diligent in discovering these critical facts. *Id.*

Andrich's cause of action accrued on December 11, 2017, when he filed his petition for post-conviction relief without the required documents because the defendants allegedly possessed his laptop and hard drive or knew where they were.

---

The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

At that point, Andrich knew that he was injured, and a reasonably diligent investigation would have revealed who had caused the injury. *See Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 971 F.3d 1042, 1047-48 (9th Cir. 2020). Andrich's complaint in this action was not filed until June 22, 2020, more than two years after the cause of action accrued. Accordingly, the suit is barred by the statute of limitations.

## II

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Andrich's state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

**AFFIRMED.**