NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 20 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES KEVIN SHELTON; BEN SHELTON III; SAMI SAAD, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> LIQUOR AND CANNABIS BOARD OF THE STATE OF WASHINGTON, AKA LCB; RICK GARZA, Director of LCB, In his Individual and Official Capacities; CITY OF SEATTLE; STEVE HOBBS, Washington Secretary of State, <br><br> Defendants-Appellees. | No.    22-35647 <br><br> D.C. No. 3:22-cv-05135-BHS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted February 20, 2024[**]

Before:  O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

James Kevin Shelton, Ben Shelton III, and Sami Saad ("the Owners") appeal

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

pro se from a district court order dismissing their complaint. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

## I

The district court did not err in dismissing the federal claims and tortious interference claim because these claims were barred by the statute of limitations. Washington imposes a three-year statute of limitations for tort and personal injury claims, Wash. Rev. Code § 4.16.080(2), and the same limitation applies to claims under 42 U.S.C. §§ 1981, 1983, 1985, *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (§ 1983); *Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1005-06 (9th Cir. 2011) (§ 1981); *McDougal v. County of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991) (§ 1985). The Owners knew of their alleged injury in 2016 when, they allege, agents of the Liquor and Cannabis Board improperly caused them to cease operations. But the Owners did not bring their complaint until 2022, long after the three-year statutory period had run. *See Bird v. Dep't of Human Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (describing the discovery rule); *Green v. APC*, 136 Wash. 2d 87, 95-96 (1998) (same).

## II

The district court did not err in dismissing the Owners' claims for the offenses of leading organized crime and criminal impersonation in the first and second degree. *See* Wash. Rev. Code §§ 9A.60.040, 9A.60.045, 9A.82.060. The statutes

cited in the complaint are criminal statutes and do not create a private right of action. *See Schorno v. Kannada*, 167 Wash. App. 895, 900-01 (2012); *accord Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979).

## III

To survive a Rule 12(b)(6) motion, a complaint must plead sufficient facts to allow a court reasonably to infer that the defendants are liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, the complaint does not include sufficient facts to allow a court reasonably to infer that Saad and the Sheltons lost their business licenses because of actions by the defendants. Accordingly, the district court did not err in dismissing the claim for declaratory judgment.

All pending motions are **DENIED.**

**AFFIRMED.**