**NOT FOR PUBLICATION**

FILED

MAR 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD VINCENT RAY, Jr., | No. 15-15657 |
| Plaintiff - Appellant, | D.C. No. 4:11-cv-02923-YGR |
| v. | |
| CAESAR BASA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted March 15, 2016[**]

Before: GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Edward Vincent Ray, Jr., a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging due process and defamation claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2004). We affirm.

The district court properly granted summary judgment on Ray's due process claims because Ray failed to raise a genuine dispute of material fact as to whether he filed his action within the statute of limitations. *See* Cal. Civ. Proc. Code §§ 335.1 (two-year statute of limitations for personal injury actions); 352.1(a) statutory tolling due to incarceration not to exceed two years); *Knox v. Davis*, 260 F.3d 1009, 1012-13 (9th Cir. 2001) (for § 1983 claims, federal courts apply the forum state's personal injury statute of limitations and apply federal law to determine accrual; a § 1983 claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of the action). Moreover, the district court properly concluded that Ray was not entitled to equitable tolling or equitable estoppel, and did not establish a continuing violation of his rights. *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198, 1204 (9th Cir. 2014) (explaining that federal courts borrow state law equitable tolling provisions, unless they are inconsistent with federal law, and setting forth California's doctrine of equitable tolling); *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1051-52 (9th Cir. 2008) (setting forth California's equitable estoppel doctrine); *Knox*, 260 F.3d at 1013 (discussing continuing violation doctrine).

The district court properly granted summary judgment on Ray's § 1983

defamation claim against Philips because Ray failed to raise a genuine issue of material fact as to whether Ray did not receive due process. *See Mathews v. Eldridge*, 424 U.S. 319, 333-35 (1976) (due process requires notice and an opportunity to be heard; discussing factors relevant for determining whether administrative procedures satisfy due process).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

**AFFIRMED.**