**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLENN CARTER, | No. 18-35083 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01726-RSL |
| v. | |
| JAY ROBERT INSLEE, Governor; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted July 15, 2019**

Before:    SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Washington state prisoner Glenn Carter appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2000), and we affirm.

The district court properly dismissed Carter's action because his claims fail to state a plausible claim, or are barred by judicial or quasi-judicial immunity, or are time-barred. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and conclusory allegations are not entitled to be assumed true (citation and internal quotation marks omitted)); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (discussing judicial immunity, factors relevant to whether an act is judicial in nature, and extension of judicial immunity to officials other than judges "who perform functions closely associated with the judicial process" (citation and internal quotation marks omitted)); *Butler v. Nat'l Cmty. Renaissance*, 766 F.3d 1191, 1198 (9th Cir. 2014) (§ 1983 claims are subject to the forum state's statute of limitations for personal injury claims); *see also* Wash. Rev. Code § 4.16.080(2) (personal injury claims are subject to a three-year statute of limitations); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 761-62 (9th Cir. 1991) (§ 1983 claim accrues when the plaintiff first learns of the injury giving rise to the claim).

Carter's contention that Chief District Judge Martinez erred by denying his objection to the designation of the magistrate judge and contentions regarding the appearance of judicial impropriety are unpersuasive.

18-35083

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**