**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAFAEL FERGUSON, | No. 18-17238 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00182-AWI-EPG |
| v. | |
| D. TURNER, C/O for CDCR; et al., | MEMORANDUM* |
| Defendant-Appellees, | |
| and | |
| M. VILLA, Sergeant for CDCR; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted November 18, 2019**

Before:    CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

California state prisoner Rafael Ferguson appeals pro se from the district

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing his 42 U.S.C. § 1983 action alleging First and Eighth Amendment claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Ferguson's claims against the Calipatria State Prison defendants as barred by the applicable statute of limitations. *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (§ 1983 claims are governed by forum state's statute of limitations for personal injury claims); *see also* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury claims).

The district court properly dismissed Ferguson's remaining claims because Ferguson failed to allege facts sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

**AFFIRMED.**

18-17238