**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PRAYED, | No. 19-35830 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-00023-TMB |
| v. | |
| U.S. DEPARTMENT OF LABOR, Acting Secretary of Labor Al Stewart; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted March 16, 2021**

Before: GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Prayed appeals pro se from the district court's judgment dismissing his

Labor Management Reporting and Disclosure Act ("LMRDA") and First

Amendment action. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo. *Gingery v. City of Glendale*, 831 F.3d 1222, 1226 (9th Cir. 2016) (standing); *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011) (failure to state a claim). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of Prayed's LMRDA Title I equal rights claim against defendants Alaska Railroad Workers Local 183 (the "Union") and Bruce M. Shelt (together, the "Union Defendants") was proper because Prayed did not allege facts sufficient to show that the Union Defendants denied him a right guaranteed to other Union members by limiting his telephonic participation in Union membership meetings or that any restriction was not subject to the Union's reasonable rules and regulations. *See* 29 U.S.C. § 411(a)(1), (a)(2) (establishing equal rights for members of labor organizations to attend membership meetings, to assemble with other members, and to express opinions, subject to reasonable rules); *Calhoon v. Harvey*, 379 U.S. 134, 138-39 (1964) (requiring a union member to show that he or she was denied rights under § 411(a), and that these rights are accorded to other union members).

Dismissal of Prayed's Title I free speech and association claim against the Union Defendants was proper because Prayed failed to allege facts sufficient to show that any alleged retaliatory actions were "a direct result of his decision to express disagreement with the Union's leadership." *Casumpang v. Int'l Longshoremen's and Warehousemen's Union, Local 142*, 269 F.3d 1042, 1058

19-35830

(9th Cir. 2001) (elements of Title I freedom of speech claim).

The district court properly dismissed Prayed's LMRDA Title I equal rights and free speech claims against Alaska Railroad Corporation ("ARRC") because Prayed failed to allege facts sufficient to show that the denial of access to the property was unreasonable or not viewpoint neutral, or that any denial of access was "a direct result of his [or her] decision to express disagreement" with the union's leadership. *Casumpang,* 269 F.3d at 1058; *see also Wright v. Incline Vill. Gen. Improvement Dist.*, 665 F.3d 1128, 1134 (9th Cir. 2011) (explaining access rights to government property). To the extent that Prayed alleged a claim under 42 U.S.C. § 1983, the district court properly dismissed any First Amendment claim against ARRC as untimely. *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1194, 1202-03 (9th Cir. 2014) (setting forth standard of review and relation back doctrine); *Sengupta v. Univ. of Alaska*, 21 P.3d 1240, 1249 (Alaska 2001) (applying Alaska's two-year statute of limitations for personal injury actions to § 1983 claims).

Dismissal of Prayed's LMRDA Title I claims against the United States Department of Labor was proper because the Department of Labor does not administer Title I of the LMRDA and does not have authority to remedy the Title I violations that allegedly occurred during the supervised election. *See* 29 U.S.C. § 521(a) (exempting Title I from the Secretary of Labor's enforcement authority);

*Finnegan v. Leu*, 456 U.S. 431, 439 n.10 (1982) (explaining the legislative history and intent of exempting Title I from the Secretary of Labor's enforcement authority). To the extent that Prayed challenged the Department of Labor's final agency action certifying the supervised election, dismissal was proper because Prayed did not allege facts sufficient to show that the Department of Labor's determination of his election protest was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

We reject as unsupported by the record Prayed's contentions that the district court denied him due process by awarding costs to the Union Defendants and by adhering to Federal Rule of Civil Procedure 6(a)(4).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**