
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CALIFORNIA ASSOCIATION FOR THE
PRESERVATION OF GAMEFOWL,

Plaintiff-Appellant,

v.

COUNTY OF STANISLAUS,

Defendant-Appellee.

No.   23-15975

D.C. No.
1:20-cv-01294-ADA-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Judge Ana I. de Alba, Presiding

Argued and Submitted October 23, 2024
San Francisco, California

Before:  S.R. THOMAS, WARDLAW, and COLLINS, Circuit Judges.

The California Association for the Preservation of Gamefowl ("CAAPG")

appeals the district court's Federal Rule of Civil Procedure 12(b)(6) dismissal of its

42 U.S.C. § 1983 action against the County of Stanislaus ("County") for enacting a

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

county zoning ordinance outlawing the non-commercial ownership of roosters within certain areas of the County. We affirm.

Because the parties are familiar with the factual and procedural history of the case, we need not recount it here. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). On appeal, CAAPG challenges only the district court's dismissal of its facial challenges to the zoning ordinance, including its regulatory takings claim, substantive due process claim, and forfeiture of a vested right claim.

I

The district court properly dismissed CAAPG's facial takings claim as time-barred. A statute of limitations defense may be raised in a Rule 12(b)(6) motion if the running of the statute is apparent on the face of the complaint. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006).

The applicable limitations period for the takings claim runs from accrual of the claim, which occurs when the plaintiff has a complete and present cause of action, or in other words, when a plaintiff "knows or has reason to know of the actual injury." *Flynt v. Shimazu*, 940 F.3d 457, 462 (9th Cir. 2019) (citation omitted). Here, the plaintiff had constructive notice of the enactment of the

2

ordinance, and also had actual notice as evidenced by its public comment on the proposal during the enactment process.

The federal statute that forms the basis of each of CAAPG's claims, 42 U.S.C. § 1983, does not have its own statute of limitations. *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014). Rather, actions brought under § 1983 are generally governed by the forum state's statute of limitations. *Id*. Under California law, the relevant statute is two years. Cal. Civ. Proc. Code § 335.1 (West 2003); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

"A facial challenge involves 'a claim that the mere enactment of a statute constitutes a taking,' while an as-applied challenge involves 'a claim that the particular impact of a government action on a specific piece of property requires the payment of just compensation.'" *Ventura Mobilehome Cmtys. Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1051 (9th Cir. 2004) (quoting *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686 (9th Cir. 1993)).

A facial takings claim accrues when the statute at issue is enacted. *See Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 956 (9th Cir. 2011) ("[T]he statute of limitations for facial challenges to an ordinance runs from the time of adoption." (citing *Guggenheim v. City of Goleta*, 638 F.3d 1111, 1119 (9th Cir. 2010))). Unlike in other contexts, where the harm from a statute may be

continuing, or does not occur until the statute is enforced, "[i]n the takings context, the basis of a facial challenge is that the very enactment of the statute has reduced the value of the property or has effected a transfer of a property interest." *Levald*, 998 F.2d at 688.

Here, the zoning ordinance at issue was enacted on November 16, 2017, so CAAPG's facial takings claim accrued on November 16, 2017. *See Colony Cove Props.*, 640 F.3d at 956.

Thus, given California's two-year statute of limitations period, CAAPG's facial takings claim became time-barred after November 16, 2019. Because CAAPG did not file its complaint until September 9, 2020, CAAPG's facial takings claim is time-barred.

## II

The district court also properly determined that CAAPG did not plead sufficient facts to support a substantive due process claim. "The Supreme Court has 'long eschewed . . . heightened [means-ends] scrutiny when addressing substantive due process challenges to government regulation' that does not impinge on fundamental rights." *Shanks v. Dressel*, 540 F.3d 1082, 1088 (9th Cir. 2008) (alterations in original) (citations omitted). "Accordingly, the 'irreducible minimum' of a substantive due process claim challenging land use action is failure

4

to advance any legitimate governmental purpose." *Id*. (citing *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 484 (9th Cir. 2008)). Thus, CAAPG must meet an "exceedingly high burden" to show the County "behaved in a constitutionally arbitrary fashion." *Id*. (citation omitted).

CAAPG's first amended complaint does not contain allegations that the ordinance was constitutionally arbitrary and capricious, nor does it allege that it is not rationally related to a legitimate state interest. The district court properly determined that the substantive due process allegations were "nearly wholly conclusory and . . . insufficient to meet the high standard for a substantive due process challenge." The district court granted the plaintiff leave to amend to allege sufficient facts. However, the plaintiff elected to stand on its pleadings, which are not sufficient to state a claim.

III

The district court also correctly concluded that CAAPG failed to state a claim for forfeiture of a vested right. "The doctrine of vested rights . . . states that a property owner who, [1] in good faith reliance on a government permit, [2] has performed substantial work and incurred substantial liabilities has a vested right to . . . use the premises as the permit allows." *Cmtys. for a Better Env't v. S. Coast Air Quality Mgmt. Dist.*, 226 P.3d 985, 994 (Cal. 2010). "In contrast to a taking or

5

deprivation claim, the gravamen of a 'vested rights' claim is that the landowner has a right to a particular use of his land because he has relied to his detriment on a formal government promise (in the form of a permit) stating that he can develop that use." *Lakeview Dev. Corp. v. City of S. Lake Tahoe*, 915 F.2d 1290, 1295 (9th Cir. 1990).

The district court correctly concluded that CAAPG's forfeiture claim fails because CAAPG did not plead that there was a form of permit or its equivalent issued or that it performed substantial work in reliance on such a permit.

IV

In sum, the district court correctly dismissed the takings claim as time-barred and dismissed the substantive due process and vested rights causes of action for failure to state a claim. Given our resolution of the issues, we need not—and do not—reach any other issue presented by the parties.

**AFFIRMED.**